Barrett, J.
As the undisputed evidence shows that all of the property of the company essential to the conduct of the business for which it was organized, was sold under execution upon judgments recovered against it in Dakota, and as the company has since that date had no property with which to conduct the business for which it was organized, and has not attempted to conduct any such business, but has substantially abandoned the business of mining, I am of opinion that the trustees of the company are not liable for failure to file the an *308 nual certificate which the law ordinarily requires while the company- remained in that practically defunct condition.
The facts of this case, in my judgment, are Avithin the principles laid down in Bruce v. Platt, 80 N. Y., 379. That is, that the company, though retaining its franchise, was practically dead. This is clearly so, provided all the property of the company passed under the deeds given by the sheriff under the executions upon which he sold. If, however, the contention of the plaintiff be correct, that certain personal property which was actually delivered to the. grantees in the sheriff’s deed did not, according to the law of Dakota, pass de jure to these grantees but remained in law the property of the company, yet as the company has not acted upon any such legal right, has taken no steps to recover back that property, and as the status which resulted from its delivery under the deeds has continued, ever since, I cannot see how the situation (so far as the duty of the trustees to file a certificate is concerned) has changed. - But, further, the personal property in question, even if, it had not been delivered to the grantees in the sheriff’s deed, but had been retained by the company, would not have enabled the company to do any of the corporate acts for which it was organized. It would simply leave in its defunct hands .a quantity of movable property having no special relation to mining, I am, therefore, of opinion that the company was practically dead, whether that personal prop'erty is to be treated as passing under the deeds to McGinnis Bros, and Fearing, or not. I have not overlooked the fact that the trustees did file a certificate in the years 1881, 1882 and 1884, and that the fact of filing those certificates is claimed to be a corporate act. It is conceded that such filing was a corporate act, but it was not such a corporate act as takes the case out of the principle laid -doAvn in Bruce v. Platt. In other words, it is not a corporate act in the direction of the transaction of the business for which the- company was organized. It is not a corporate act affecting the practical fact of the abandonment of that business; and it would be absurd to say that because the trustees performed that technically corporate act at one time they thereby revived the company’s life, -and rendered themselves liable to the statutory penalty for not performing a similar act at a future time. I may say, however, that these views proceed, upon the- theory that the defendants were, in the eye of the law, holding over as trustees during the year 1883. It is . true that after the expiration, of a trustee’s term of office there is no presumption that he so holds over. He must do some overt act indicating a willingness to accept the functions of a hold-over. In my judgment, the filing of a certificate in 1884 by these trustees, was a recognition of the fact that they were hold-over trustees and that they had in the interim assumed the duties which the law imposed upon those who chose *309 to bold ouer, and .that thus they were in the position of trustees liable to, and bound to make a proper certificate, if the other facts in the case had imposed that obligation upon them. I thus, in dismissing the complaint, do so upon the theory, that although lawful trustees, they were not bound, owing to the defunct condition of the company, and the entire abandonment of the company to make and file any certificate during the year 1883.
The fact that after the company became practically defunct, it did not only file these reports, but also defended an action which was brought against it in Dakota, and continued that action down to the year 1883, is pressed upon my attention as an additional corporate act, which the plaintiff claims amounts to a recognition by these trustees of the continued existence of this company; and it is also claimed that the defence of that action in connection with the filing of these reports, neutralizes the claim that the company was practically defunct, and had abandoned the transaction of business. I am, however, of the opinion that the permission of the company to its attorneys, after it had ceased business, and after it had abandoned mining, and after its property had been swept away, to defend that action, and to see to it that the damages recovered against the company should be as small as possible, is not to be treated as a corporate act, reviving the fife of the company and requiring the filing of future certificates. I am, therefore, of the opinion that none of the acts, whether the filing of those certificates or the defence of this action, has any legal effect upon the only material and important fact, namely that the property of the company was actually swept out of existence, and that it did abandon the business for which it was organized, and that it necessarily did so, from the fact that it had no material with which to continue such business.
For these reasons, I feel constrained to direct a verdict for the defendants.